UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ENTUCKY
AT LOUISVILLE

BRYAN ANTHONY BRANHAM                                              PLAINTIFF

v.                                                CIVIL ACTION NO. 3:17CV-P117-TBR

WARDEN SCOTT JORDAN *et al.*                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of the amended complaint (DN 10) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, a portion of the claims will continue and others will be dismissed.

## I. BACKGROUND AND STATEMENT OF CLAIMS

Plaintiff Bryan Anthony Branham, a convicted inmate currently incarcerated at the Luther Luckett Correctional Complex (LLCC), filed a *pro se* complaint (DN 1) pursuant to 42 U.S.C. § 1983. In the complaint, as Defendants, he named LLCC Warden Scott Jordan; LLCC Captain Tim Forgy;[1] LLCC Deputy Warden of Security Webb Strang; LLCC Deputy Warden of Programs Jessie Stack; and former Kentucky Department of Corrections (KDOC) Commissioner Rodney Ballard. He sued each Defendant in his/her official capacity.

Plaintiff brought three claims in the original complaint. First, he alleged that his forced placement in Narcotics Anonymous (NA) violated the Establishment Clause and that the posting of bulletins/memos regarding NA violated his privacy rights. Second, he challenged a change in visitation policy with respect to bathroom breaks, alleging cruel and unusual punishment, discrimination, and violations of the Health Insurance Portability and Accountability Act (HIPAA). Finally, he alleged that he was transferred to Little Sandy Correctional Complex

---

[1] At times, Plaintiff spells this Defendant's name "Forgy," and other times, he spells his name "Forgee." The Court will use the "Forgy" spelling throughout this opinion.

(LSCC) from LLCC by Defendant Forgy in retaliation for filing grievances. As relief, Plaintiff sought damages and injunctive relief in the form of ordering his transfer back to LLCC and ordering the "D.O.C. to seace Retaliation Efforts."

On initial review of the complaint pursuant to 28 U.S.C. § 1915A (DN 9), the Court dismissed the official-capacity claims and provided Plaintiff with an opportunity to file an amended complaint to name as Defendants in their individual capacity those persons who he claims harmed him and to explain how each Defendant violated his rights. Plaintiff has filed an amended complaint, which the Court will now review under § 1915A.

The amended complaint is virtually identical to the original complaint with the exceptions that in the amended complaint, Plaintiff now sues Defendants Jordan, Forgy, Strang, Stack, and Ballard only in their individual capacities and now seeks the following relief: damages, an injunction "prohibitting the D.O.C. from continuing the acts outlined in my suit," and for the Court to "make effort to pursue investigation against the D.O.C. for their mallicious and unauthorized practice." In the amended complaint, Plaintiff raises the same three claims raised in the original complaint.

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. The statute requires the Court to review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. <u>ANALYSIS</u>

#### A. *Claims 1 and 3*

Upon consideration, the Court will allow Claim 1 (that Plaintiff's forced placement in NA violated the Establishment Clause and that the posting of bulletins/memos regarding NA violated his privacy rights) to continue against Defendants Warden Jordan and Deputy Warden of Programs Stack, who presumably for the purposes of initial review implemented and enforced the policies of forced placement of prisoners in NA and posting of confidential information, and

Claim 3 (that Plaintiff was transferred to LSCC from LLCC in retaliation for filing grievances) to continue against Defendant Forgy.

### B. Claim 2

As Claim 2, Plaintiff challenges a change in visitation policy with respect to bathroom breaks, alleging cruel and unusual punishment, discrimination, and violations of HIPAA.

Plaintiff alleges that on July 18, 2017, LLCC posted a memo that would change visitation policy, which Plaintiff claims "would prevent the use of a basic human right" by "stop[ping] the use of the Restroom on spur or the moment basis." He states, "the memo said inmates and visitors may use restroom facilities Before or after visit not during. If restroom is needed the visitation would be terminated." He claims, "If a person has to use it the[y] have to go and to hold it could cause medical issues and or damage to the body. And to terminate a right or privelage due to the basic human right to use the restroom is unconstitutional."

Plaintiff reports filing a grievance to which Defendant Forgy responded, maintaining that the policy change was for security purposes and does not violate any rights. Plaintiff alleges a "hidden threat" by Defendant Forgy in his response "to discourge pursuing this grievance" when Defendant Forgy stated that "visitation changes would be made to visitation times if problems continues."[2] To the original complaint, Plaintiff attaches a copy of Defendant Forgy's response to the grievance. Therein, Defendant Forgy explained, in pertinent part, that under Section 2 of the new policy,

> Prior to the start of the two hour visit that visitor and inmate shall be given an opportunity to use the restroom. This also granted exceptions to this due to children and elderly visitors. It granted the legal guardians of the children access to the restrooms due to the needs for diaper changes. This

---

[2] Review of Defendant Forgy's response attached to the original complaint indicates that Defendant Forgy specifically stated, "If the current two hour time limit continues to be an issue, then the current visiting times should be adjusted to one (1) hour to better accommodate the inmate and visitors and avoid any further issues of confusion."

4

also granted the elderly individuals with medical conditions access to the restroom.

Defendant Forgy further explained that under Section 3 of the new policy, "inmates and visitors that have applied for and been granted an extended visit receive (1) one restroom break due to the extended length of time of the visit."

Plaintiff alleges that the grievance committee agreed with Plaintiff that "this new policy should be looked at." He reports appealing the grievance to Defendant Warden, who after discussing the matter with Defendant Deputy Warden of Security Strang, agreed with the informal resolution that the visitation policy change was for security purposes "to prevent smuggling contraband." Plaintiff reports appealing the grievance to the Commissioner, who concurred with LLCC that the policy change does not violate inmate rights.

"Extreme deprivations are required to make out a conditions-of-confinement claim" under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "Implicit in this standard is the recognition that the plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998).

Here, Plaintiff provides no facts indicating that the new visitation policy deprived him of the minimum civilized measure of life's necessities or that it implicated his health or safety.

Inmates are denied neither visitation nor restroom breaks. Visitation is merely cut short if he or a visitor needs to use the restroom during the two-hour period. Accordingly, the new visitation policy does not rise to the level of an Eighth Amendment claim, and that claim will be dismissed.

Title II of HIPAA, codified at 42 U.S.C. § 1320a *et seq.*, was created to protect against the unauthorized disclosure of health records and information. *Gratton v. United Parcel Serv., Inc.*, No. CV 07-3071, 2008 WL 4934056, at *4 (E.D.N.Y. Nov. 14, 2008). However, only the Secretary of the Department of Health and Human Services may file suit to enforce its provisions. 42 U.S.C. § 1320d-5(d); *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010). Private citizens have no standing to sue a covered entity for a violation of HIPAA. *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (holding that HIPAA cannot be enforced through either an implied private right of action or through § 1983); *see also Carpenter v. Phillips*, 419 F. App'x 658, 658 (7th Cir. 2011); *Siegler v. Ohio State Univ.*, No. 2:11-cv-170, 2011 WL 1990570, at *8 (S.D. Ohio May 23, 2011). Plaintiff fails to indicate how HIPAA is implicated, and in any event, he has no private right of action under HIPAA. Accordingly, the HIPAA claim will be dismissed.

Finally, Plaintiff fails to allege any facts demonstrating any discrimination caused by the new visitation policy. He does not allege that the policy does not apply to all inmates. The discrimination claim, therefore, will be dismissed.

For the foregoing reasons, Claim 2 regarding the change in visitation policy will be dismissed in its entirety.

*C. Defendants Deputy Warden of Security Strang and KDOC Commissioner Ballard*

To the extent Plaintiff seeks to hold these Defendants responsible based on their supervisory positions, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Plaintiff mentions Defendants Strang and Ballard only with respect to their involvement in his grievances. "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee v. Luttrell*, 199 F.3d at 300). A plaintiff's claim is against the subjects of his grievances, not those

who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care.").

Because the only allegations against Defendants Strang and Ballard are in relation to their handling of grievances, Plaintiff fails to state a claim against those Defendants, and the claims against them will be dismissed.

## IV.  **ORDER**

For the foregoing reasons,

**IT IS ORDERED that the following claims will proceed:** (**1**) Claim 1 (that Plaintiff's forced placement in NA violated the Establishment Clause and that the posting of bulletins/ memos regarding NA violated his privacy rights) against Defendants Warden Jordan and Deputy Warden of Programs Stack; and (**2**) Claim 3 (that Plaintiff was transferred to LSCC from LLCC in retaliation for filing grievances) against Defendant Forgy.  In allowing these claims to continue, the Court passes no judgment on the merit and ultimate outcome of the case.  The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of these continuing claims.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**As all claims against Defendants Strang and Ballard are dismissed, the Clerk of Court is DIRECTED to terminate them from this action**.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005