**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

BRYAN ANTHONY BRANHAM                                                    Plaintiff

v.                                                      Civil Action No. 3:17-CV-117-RGJ

SCOTT JORDAN, *et al.*                                                  Defendants

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Bryan Anthony Branham ("Plaintiff") objected to testimony by Jennifer Tracy

("Tracy").  [DE 87].  Defendants Tim Forgy, Scott Jordan, and Jesse Stack's ("Defendants")

responded [DE 95] and Plaintiff did not reply.  Briefing is complete, and the matter is ripe.  For

the reasons below, the Court **DENIES** Plaintiff's Objection [DE 87].

**I.      LEGAL STANDARD**

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial

evidence *in limine* under their inherent authority to manage trials.  *Luce v. United States*, 469 U.S.

38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)).  Yet, the "better practice" is to defer evidentiary

rulings until trial unless the evidence is clearly inadmissible on all potential grounds.  *Sperberg v.*

*Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Courts favor this posture so that

"questions of foundation, relevancy and potential prejudice may be resolved in proper context."

*Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) (internal citations

omitted).  When this Court issues a ruling *in limine*, it is "no more than a preliminary, or advisory,

opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce,*

713 F.2d 1236, 1239 (6th Cir.1983), *aff'd,* 469 U.S. 38 (1984)).  Thus, the Court may alter or

amend a prior *in limine* ruling at trial.  *Luce*, 713 F.2d at 1239.

## II.    DISCUSSION

Plaintiff argues that Tracy should not be allowed to testify to transfer procedures and considerations related to prisoner transfers because her testimony is not relevant.  [DE 87 at 808]. In response, Defendants contend that Tracy's testimony is relevant because she possesses personal knowledge about Branham's transfer.  [DE 95 at 823].

Federal Rule of Evidence 701 permits a lay witness to give opinion testimony that is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

Tracy is the classification branch manager who approved Branham's transfer to the Little Sandy Correctional Complex.  [DE 78 at 789].  Tracy is expected to testify about her knowledge of Branham's transfer and transfer procedures more generally.  [*Id.*].  Tracy's testimony, as a lay witness, is based on her personal knowledge of Branham's transfer and her knowledge of prison transfer procedures.  *See* Fed. R. Evid. 701.  Her testimony is not based on "scientific, technical, or other specialized knowledge."  *Id.*  Moreover, her testimony is likely to make a fact more or less probable because Plaintiff's retaliation claim arises from the transfer that Tracy approved.  *See id.* at 401.  Accordingly, Plaintiff's Objection [DE 87] is **DENIED**.

### III.    CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1. Plaintiff's Objection [DE 87] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

September 20, 2022

cc:    Counsel of Record