FILED

JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____Sep 29, 2022_____

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**BRYAN ANTHONY BRANHAM**                                                    **Plaintiff**

**v.**                                              Civil Action No. **3:17-CV-117-RGJ**

**SCOTT JORDAN, TIM FORGY, AND**                                **Defendants**
**JESSE STACK**

**JURY INSTRUCTIONS**

## INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every case.  Then I will explain some rules that you must use in evaluating the testimony and evidence.  Then I will explain the rules of law that you must apply in deciding whether the parties have proven the elements of their respective counts.  And last, after closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors.  The first duty is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, and apply it to the facts as you find them from the evidence in this case. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them. This includes the instructions I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls. Perform these duties fairly.  Do not let any bias, sympathy or prejudice you may feel toward one side or the other influence your decision in any way. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you and reach a just verdict.

## BURDEN OF PROOF

Plaintiff has the burden in a civil action, such as this, to prove every essential element of their claims by a "preponderance of the evidence." You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this and you should not use it. In this case, if Plaintiff should fail to establish any essential element of his claim by a "preponderance of the evidence," you should find for the Defendants on that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence, unless otherwise, instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**MULTIPLE PARTIES**

Although there is more than one defendant in this action, it does not follow from that fact alone that if one Defendant is liable to Plaintiff, that all Defendants are liable to Plaintiff. Each Defendant is entitled to a fair consideration of the evidence. No Defendant is to be prejudiced should you find against the other. Unless otherwise stated, all instructions I give you govern the case as to each Defendant, individually.

**EVIDENCE DEFINED**

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.

"Direct evidence" is direct proof of a fact, such as testimony of a person who asserts or claims to have actual knowledge of a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

"Circumstantial evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of a witness, the manner in which a witness testifies, the character of the testimony given, or by evidence contrary to the testimony. You should carefully examine all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive, state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

Next, I will explain the elements of the claims that the Plaintiff makes against the Defendants.

**42 USC § 1983**

Branham is suing under Title 42, United States Code, Section 1983 a federal civil rights statute which provides that any citizen may seek redress in this Court by way of damages against any person who, under color of any state law or custom, subjects such citizen to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

To prove his claim of violations of his constitutional rights, the burden is upon Branham to prove, by a preponderance of the evidence, each of the following elements as to each Defendant for each claim:

1. That an individual Defendant performed or failed to perform acts which operated to deprive Branham of one or more of his rights under the Constitution of the United States, or the laws of the United States;

2. That the same Defendant then and there acted under color of the authority of the Commonwealth of Kentucky; and

3. That the individual Defendant's acts were the proximate or legal cause of damages sustained by Branham.

It is stipulated between the parties that the Defendants were acting under color of authority of the Commonwealth of Kentucky, so you are only called upon to determine the first and third elements.

## COUNT 1—FIRST AMENDMENT—ESTABLISHMENT OF RELIGION

Branham contends Narcotics Anonymous requires him to engage in religious practice. Branham claims he was injured and sustained damage and that the defendants violated his rights under the First Amendment to the Constitution of the United States when Defendants Jordan and Stack created or enforced a policy requiring Branham to participate in programs, including Narcotics Anonymous, recommended by his Classification and Treatment Officer as a condition of receiving privileges, such as meritorious credit against his sentence. Branham claims that this was a proximate cause of his injury.

The Defendants Jordan and Stack deny that their conduct violated the plaintiff's rights under the First Amendment to the United States Constitution. The defendants further deny that Branham was injured or sustained damages.

To prevail on his First Amendment claim, Branham must prove following:

1) That Narcotics Anonymous was a religious activity or program; and

2) One or more of the following;

> a) Defendants Jordan and Stack created or enforced a policy requiring Branham to participate in programs recommended by his Classification and Treatment Officer as a condition of receiving privileges, such as meritorious credit against his sentence, to compel Branham to engage in religious practice as opposed to a predominantly secular purpose such as rehabilitation; or

> b) Defendants Jordan and Stack created or enforced a policy requiring Branham to participate in programs recommended by his Classification and Treatment Officer

as a condition of receiving privileges, such as meritorious credit against his sentence, that could be taken by a reasonable person as endorsement of religion; or c) Defendants Jordan and Stack created or enforced a policy requiring Branham to participate in programs recommended by his Classification and Treatment Officer as a condition of receiving privileges, such as meritorious credit against his sentence, that creates an excessive entanglement with religion.

**JURY INTERROGATORIES**
**COUNT 1—ESTABLISHMENT OF RELIGION**

**INTERROGATORY NO. 1**

**Scott Jordan and Jesse Stack**

Is Narcotics Anonymous a religious activity or program?

YES_____ NO_____

      If you answered "YES" to this Interrogatory, proceed to the next Interrogatory.

      If you have answered "NO" to this Interrogatory, enter a verdict in favor of Defendants

Jordan and Stack on the respective verdict forms.

**INTERROGATORY NO. 2**

**Scott Jordan**

A.    Did Defendant Jordan require Branham to participate in Narcotics Anonymous as a condition of receiving privileges, such as meritorious credit against his sentence, to compel Branham to engage in religious practice as opposed to a predominantly secular purpose such as rehabilitation?

YES_____ (compel religious practice)

NO_____ (not to compel religious practice)

B.    Did Defendant Jordan require Branham to participate in Narcotics Anonymous as a condition of receiving privileges, such as meritorious credit against his sentence, that could be taken by a reasonable person as endorsement of religion?

YES_____ (endorsement of religion)

NO_____ (not an endorsement of religion)

C.     Did Defendant Jordan require Branham to participate in Narcotics Anonymous as a condition of receiving privileges, such as meritorious credit against his sentence, that creates an excessive entanglement with religion?

YES_____ (created excessive entanglement)

NO_____ (did not create excessive entanglement)

If you answered "YES" to part A, B, or C of this Interrogatory, enter a verdict in favor of Branham for Count 1 as to Jordan.

If you have answered "NO" to every part of this Interrogatory, enter a verdict in favor of Defendant Jordan for Count 1 as to Jordan.

We, the jury, being duly impaneled and sworn and affirmed, find as follows on Count 1 against Defendant Jordan:

_____ We find in favor of Bryan Branham

_____ We find in favor of Scott Jordan

**INTERROGATORY NO. 3**

**Jesse Stack**

A.     Did Defendant Stack require Branham to participate in Narcotics Anonymous as a condition of receiving privileges, such as meritorious credit against his sentence, to compel Branham to engage in religious practice as opposed to a predominantly secular purpose such as rehabilitation?

YES_____ (compel religious practice)

NO_____ (not to compel religious practice)

15

B.      Did Defendant Stack require Branham to participate in Narcotics Anonymous as a condition of receiving privileges, such as meritorious credit against his sentence, that could be taken by a reasonable person as endorsement of religion?

YES_____ (endorsement of religion)

NO_____ (not an endorsement of religion)

C.      Did Defendant Stack require Branham to participate in Narcotics Anonymous as a condition of receiving privileges, such as meritorious credit against his sentence, that creates an excessive entanglement with religion?

YES_____ (created excessive entanglement)

NO_____ (did not create excessive entanglement)

If you answered "YES" to part A, B, or C of this Interrogatory, enter a verdict in favor of Branham for Defendant Stack as to Count 1.

If you have answered "NO" to every part of this Interrogatory, enter a verdict in favor of Defendant Stack for as to Count 1.

We, the jury, being duly impaneled and sworn and affirmed, find as follows on Count 1 against Defendant Stack:

_____ We find in favor of Bryan Branham

_____ We find in favor of Jesse Stack

16

## COUNT 2—FIRST AMENDMENT RETALIATION

To prevail on this claim Branham must prove all of the following:

(1) Branham engaged in protected conduct by filing a grievance about changes in Luther Luckett visitation procedures;

(2) that Defendant Forgy took an adverse action against Branham that would deter a person of ordinary firmness from continuing to engage in that conduct, specifically having Branham transferred to another facility; and

(3) the adverse action was motivated at least in part by Branham's protected conduct.

**JURY INTERROGATORIES**
**COUNT 2—FIRST AMENDMENT RETALIATION**

**INTERROGATORY NO. 4**

Did Defendant Forgy take an adverse action against Branham that would deter a person of ordinary firmness from continuing to engage in that conduct, specifically having Branham transferred to another facility?

YES_____   NO_____

**INTERROGATORY NO. 5**

Was the adverse action, specifically transfer to another facility, motivated at least in part by Branham's protected conduct?

YES_____   NO_____

If you answered "YES" to both Interrogatories 4 & 5 of Count 2 First Amendment Retaliation, enter a verdict in favor of Bryan Branham as to Count 2.

If you have answered "NO" to either or both Interrogatory 4 & 5 of Count 2, enter a verdict in favor of Defendant Forgy as to Count 2.

We, the jury, being duly impaneled and sworn and affirmed, find as follows on Count 2 against Defendant Forgy:

_____ We find in favor of Bryan Branham

_____ We find in favor of Tim Forgy

That completes my instructions on the elements of the claims.  Next, I will explain the damages that the Plaintiff seeks against the Defendants.

**ACTUAL DAMAGES**

If you find in favor of the Plaintiff, then you will award the Plaintiff such actual or compensatory damages as you find from a preponderance of the evidence.  In formulating an award of actual damages, you should consider any mental or physical pain and suffering, embarrassment, humiliation, and loss of enjoyment of life by Bryan Branham caused by Defendants.

## COMPENSATORY DAMAGES

**INTERROGATORY NO. 6**

If you found for Branham on any of the claims against Defendants Jordan, Stack, or Forgy,

did Plaintiff suffer any actual damages as a result of the Defendant(s) actions?

YES_____ NO_____

If yes, please state the amount of actual damages caused by each Defendant(s) actions.

Defendant Scott Jordan           $_____
(not to exceed $100,000.00)

Defendant Jesse Stack            $_____
(not to exceed $100,000.00)

Defendant Tim Forgy              $_____
(not to exceed $100,000.00)

## NOMINAL DAMAGES

If you found for Branham, but he has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation even if he suffered no actual injury. Nominal damages ($1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed), rather than nominal damages.

## NOMINAL DAMAGES

**INTERROGATORY NO. 7**

If you found for Branham on any of the claims against Defendants Jordan, Stack, or Forgy, but found that Branham did not prove any actual damages as a result of the Defendant(s) actions, award nominal damages in the amount of one dollar ($1.00) below:

Defendant Scott Jordan       $_____

Defendant Jesse Stack       $_____

Defendant Tim Forgy       $_____

## PUNITIVE DAMAGES

In addition to the damages mentioned in the other instructions, the law permits you to award punitive damages in certain circumstances. "Punitive damages" are damages awarded against a Defendant for the purpose of punishing the Defendant for their misconduct in this case and deterring Defendant and others from engaging in similar conduct in the future.

Whether you make an award of punitive damages is a matter exclusively within your discretion. If, however, you award punitive damages, in determining the amount thereof, you should consider the following factors:

1. Whether the conduct involved repeated actions or was an isolated incident;
2. The vulnerability of Branham;
3. The physical harm caused by Defendants' conduct;
4. The degree to which the conduct showed an indifference or reckless disregard to Branham's rights.

24

## PUNITIVE DAMAGES

**INTERROGATORY NO. 8**

If you found for Branham on any claim against Defendant Jordan, Stack, or Forgy, do you award punitive damages to punish or deter the Defendant(s) and others from engaging in similar conduct in the future?

If yes, please list the amount of punitive damages awarded to Plaintiff against each Defendant.

Defendant Scott Jordan        $_____

Defendant Jesse Stack         $_____

Defendant Tim Forgy           $_____

25

**JURY DELIBERATIONS AND ELECTION OF FOREPERSON**

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so.

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

Verdict forms have been prepared for your convenience.

You will take these verdict forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form that sets forth the verdict upon which you unanimously agree.  You will then notify the Courtroom Security Officer ("CSO") and return with your verdict to the courtroom

**UNANIMOUS VERDICT**

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

27

## NOTES

During this trial, I permitted you to take notes. You were not required to take notes. If you did not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## COMMUNICATION WITH THE COURT

Do not talk to the CSO, or to me, or to anyone else, except each other, about this case.  If it becomes necessary during your deliberations to communicate with me, you may send a note through the CSO signed by your foreperson or by one or more members of the jury.  You may only communicate with me by a signed writing or here in open Court.  If you write me a message, the CSO will give it to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you reach a unanimous verdict or have been discharged.

## REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions.  You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors. Remember at all times that you are not partisans. You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  Therefore, it is important that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.

**Please fill out the Verdict Forms and return to the courtroom.**